EMMANUEL C. AKUDINOBI, SBN 188903
epcakudinobi@yahoo.com
CHIJIOKE O. IKONTE, SBN 206203
cikonte@yahoo.com
LAW OFFICES OF AKUDINOBI & IKONTE
3435 WILSHIRE BLVD., SUITE 1520
LOS ANGELES, CA 90010
(213) 387 - 0869
(213) 387 - 0969 (fax)

AKINTUNDE SAMUEL AKINTIMOYE, SBN 201843
sakintimoye@yahoo.com
LAW OFFICES OF A. SAM AKINTIMOYE
699 W. RIALTO AVE., SUITE A
SAN BERNARDINO, CA 92410
(909) 381-3838
(909) 381-3800 (fax)

Attorneys for Plaintiff
GUILLERMO LOPEZ RUIZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO LOPEZ RUIZ, <br><br> Plaintiff, <br><br> Vs. <br><br> United States of America, The GEO Group, Inc., Matthew Albence, Unknown Named Agents I-X, individuals, DOES 1 – 10 Inclusive, <br><br> Defendants | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> *REQUEST FOR JURY TRIAL* |

The plaintiff, GUILLERMO LOPEZ RUIZ ("RUIZ"), for himself alleges as follows:

**I**

**PARTIES**

1. Plaintiff, GUILLERMO LOPEZ RUIZ, is a resident of the County of San Bernardino, California.

2. United States of America ("USA") is a defendant pursuant to Federal Torts Claims Act, 28 *U.S.C.* § 2671.

3. The GEO Group, Inc. ("GEO") is a corporation incorporated in the State of Florida.

4. Defendant Matthew Albence is the acting director of Immigration and Customs Enforcement ("ICE"). ICE is a department under the U.S. Department of Homeland Security ("DHS"). The DHS is a department of the Executive Branch of the United States government and is an agency within the meaning of 5 *U.S.C.* § 552(f)(1). Albence is sued in his official capacity.

5. Defendants Unknown Named Agents I-X are unknown agents of the United States of America who ordered, directed, or in some manner participated in the arrest, assault and battery of plaintiff on April 6, 2018.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

## II
## JURISDICTION

8. Federal jurisdiction and venue are invoked upon the following grounds: *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Court has jurisdiction over Plaintiff's *Bivens* claims under general federal subject matter jurisdiction. *Butz v. Economu*, 488 U.S. 478, 505 (1978).

In addition the court has jurisdiction over the matter because it presents a federal question arising under the Constitution and laws of the United States, to wit, Federal torts Claims Act, 28 *U.S.C.* § 2674 and 28 *U.S.C.* § 1346(b)(1). [See 28 *U.S.C.* § 1331]

## III
## VENUE

9. The venue is properly within the Central District of California pursuant to 28 *U.S.C.* § 1402(b).

## IV
## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff timely filed a claim under the Federal Tort Claim Act with the Department of Homeland Security. More than six months have elapsed since filing of the claim. The Plaintiff has not received a notice of denial of his claim.

11. ICE is responsible for supervising and managing people who are detained in custody, as well as carrying out management oversight, preventing its employees or agents from causing physical harm or injury to a third party, and upholding and honoring the laws and Constitution of the United States.

12. Upon information and belief, GEO is under contract with the federal government to operate and manage the Adelanto Detention Center ("Adelanto").

13. On April 6, 2018 at about 7:15 a.m., RUIZ walked out of his house towards his car in preparation for taking his children to school.

14. While walking towards the car he was accosted by Unknown named agent I ("Agent I"). Agent I was initially sitting in an unmarked Sport Utility Vehicle ("SUV") that was parked close to Ruiz's residence.

15. Agent I engaged Ruiz in a conversation asking Ruiz whether he spoke English. Ruiz answered in the affirmative stating that he spoke "a little bit of English."
16. As soon as Ruiz responded that he spoke a little English, Agent I immediately said, "You are the one, you are under arrest, I am looking for you." Ruiz response was why?
17. Ruiz was thereafter handcuffed.
18. While handcuffed, Unknown named agent II (:Agent II") suddenly appeared and the agents began to hit Ruiz with fists and feet, they pushed and threw him against the wall. He was kicked in his ankles, his head was hit against the wall. They kept on hitting with their fists and kicking Ruiz despite the fact that he was handcuffed and was not resisting. The agents ignored his pleas and cries for them to stop beating him.
19. Ruiz was handcuffed tightly, put in the SUV and transported to a detention facility.
20. At the detention facility, Ruiz was denied medical care for his injuries for more than ten days. He was only seen on April 16, 2018 despite his repeated requests for attention.
21. Ruiz repeatedly pled for medical attention from the staff and agents of GEO. He was forced to endure unbearable pain as a result of the injuries the sustained from the beating he received from agents that arrested him. He was subsequently diagnosed with acute fracture of right acromion amongst others.

# V
# CLAIMS FOR RELIEF

### First Claim for Relief

### *Bivens* Claim against Unknown named agents I-X for Excessive Force

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above, as though fully stated in this paragraph.

23. The actions as alleged above deprived plaintiff of his rights under the 4th Amendment to Constitution of the United States of America to be free from unreasonable seizure. Plaintiff was harmed as result of defendants' conduct.

24. Defendants subjected plaintiff to such deprivations with malice and oppression and a total disregard of plaintiff's constitutional rights.

### Second Claim for Relief

### *Bivens* Claim for Denial of medical care against Unknown named agents III-X and Defendant Matthew Albence

25. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as though fully stated in this paragraph.

26. The unknown named agents delayed providing medical care to plaintiff despite his request for care while under their custody. This delay occurred despite the pain that plaintiff was suffering as a result of the force that was used on him.

27. Plaintiff is informed and believes and thereon allege that the conduct of the individual unknown named agents in delaying medical care to plaintiff was pursuant to an unofficial or official policy of ICE and that such policy was ratified by defendant Matthew Albence in his capacity as the head of ICE.

28. The actions as alleged above deprived the plaintiff of his due process rights under the Fifth Amendment to the Constitution of the United States of America.
29. Defendants subjected plaintiff to the above deprivation with malice and oppression and a total disregard of plaintiff's constitutional rights.
30. As a result of the deprivation, plaintiff was harmed in an amount to be proved at trial.

### Third Claim for Relief
### Negligence against the Defendant United States of America

31. Plaintiff re-alleges and incorporates Paragraphs 1 through 21 above, as though fully stated in this paragraph.
32. While under its care, defendants owed a duty to plaintiff to protect him from harm and to ensure that he received adequate medical care that adheres to the community standard of care.
33. The defendants breached the duty when it delayed providing plaintiff with medical care when plaintiff was under its care and custody.
34. The defendants breached its duty by failing to ensure that Ruiz received adequate medical care for the injuries he sustained.
35. As a result of the breach, plaintiff was harmed in an amount to be proved at trial.

### Fourth Claim for Relief
### Assault against the Defendant United States of America

36. Plaintiff re-alleges the allegations contained in paragraphs 1 to 27 above as though fully stated in this paragraph.
37. The defendants caused plaintiff to be apprehensive of harmful or offensive touching of his person. Defendants acted with malice and oppression and disregard of plaintiff's rights.
38. As a result of the aforementioned acts, plaintiff was damaged.

## Fifth Claim for Relief

## Negligent Hiring, Training, and Supervision against the Defendant United States of America

39. Plaintiff re-alleges and incorporates Paragraphs 1 through 27 above, as though fully stated in this paragraph.

40. At all times relevant, Ruiz was a civil detainee confined to and in care of ICE. ICE had a duty to prevent its employees and agents, including private contractors and contracting staff, from causing physical harm to a third party. This non-discretionary duty includes ensuring that the agents/employees uphold and honor the laws and Constitution of the United States.

41. Upon information and belief, ICE breached the duty by failing to ensure safe and humane conditions at Adelanto. It failed to carry out adequate oversight of the provision of medical care at Adelanto and to ensure that all staff at, Adelanto, were properly trained to respond and treat serious injuries.

42. As a result of the negligent supervision, training, and hiring, Ruiz was harmed in an amount to be proved at trial.

## Sixth Claim for Relief

## Negligence against Defendant GEO

43. Plaintiff re-alleges and incorporates Paragraphs 1 through 27 above, as though fully stated in this paragraph.

44. Defendant GEO had a duty to protect Ruiz from harm.

45. Defendant GEO failed to take reasonable care in protecting Ruiz's health.

46. As a result of the breach of care, Ruiz was harmed in an amunt to be proved at trial.

## Seventh Claim for Relief

## Battery Against the Defendant United States of America

47. Plaintiff re-alleges and incorporates Paragraphs 1 through 27 above, as though fully stated in this paragraph.
48. The defendants caused harmful and offensive touching of the plaintiff. The plaintiff did not consent to the touching. Defendants acted with malice and oppression and disregard of plaintiff's rights.
49. As a result of the harmful touching, plaintiff was damaged.

## Eighth Claim for Relief
## Intentional Infliction of Emotional Distress Against Defendants United States of America and GEO

50. Plaintiff re-alleges and incorporates Paragraphs 1 through 27 above, as though fully stated in this paragraph.
51. It is an extreme and outrageous conduct to use unreasonable force and delay medical care in the midst of pain.
52. The acts of defendants as described above in the complaint were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon plaintiff. Such acts were done with reckless disregard of the probability of causing plaintiff emotional distress.
53. These acts did in fact result in severe and extreme emotional distress to plaintiff.
54. As a direct and proximate result of the defendant's acts alleged above, plaintiff was caused to incur severe and grievous emotional distress.

## VI
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:
1. Plaintiff be awarded compensatory damages;
2. Plaintiff be awarded punitive damages as allowed by the law;
3. Plaintiff be awarded reasonable attorney's fees and costs; and

4. Plaintiff finally prays for such other relief as this court deems just and proper.

Dated April 3, 2020             Law Offices of Akudinobi & Ikonte,

BY: _____
Emmanuel C. Akudinobi, Esq.
Chijioke O. Ikonte, Esq.
Attorneys for Plaintiff
Guillermo Lopez Ruiz